# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DUSTIN M. RHODES, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-10-362-FHS-SPS |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of the Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

The claimant Dustin M. Rhodes requests judicial review pursuant to 42 U.S.C. § 405(g) of the decision of the Commissioner of the Social Security Administration denying his application for benefits under the Social Security Act. The claimant appeals the decision of the Commissioner and asserts that the Administrative Law Judge ("ALJ") erred in determining he was not disabled. As set forth below, the undersigned Magistrate Judge hereby RECOMMENDS that the Commissioner's decision be REVERSED and the case REMANDED for further proceedings.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work

which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) [citation omitted]. The term substantial evidence has been interpreted by the United States Supreme Court to require "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The Court may not reweigh the evidence nor substitute its discretion for that of the agency. *Casias v. Secretary of Health & Human Services*, 933

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. *Id*. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity, or if his impairment is not medically severe, disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. If the claimant suffers from a listed impairment (or impairments "medically equivalent" to one), he is determined to be disabled without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must establish that he lacks the residual functional capacity (RFC) to return to his past relevant work. The burden then shifts to the Commissioner to establish at step five that there is work existing in significant numbers in the national economy that the claimant can perform, taking into account his age, education, work experience and RFC. Disability benefits are denied if the Commissioner shows that the claimant's impairment does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

F.2d 799, 800 (10th Cir. 1991). Nevertheless, the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born on April 20, 1983, and he was twenty-six years old at the time of the administrative hearing. He has a high school education and past relevant work as a delivery driver, cook, dishwasher, automobile salesman, and general laborer (Tr. 19, 29). The claimant alleges he has been unable to work since November 7, 2007 because of a bulging disk in his back, which was a work-related injury (Tr. 125-26).

## Procedural History

On November 6, 2008, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434. His application was denied. ALJ Douglas S. Stults conducted a hearing and determined that the claimant was not disabled in a decision dated January 27, 2010. The Appeals Council denied review, so the ALJ's decision is the final decision of the Commissioner for purposes of this appeal. *See* 20 C.F.R. § 404.981.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant had severe impairments (disorders of the lumbar spine at L5-S1, which was discogenic and degenerative, causing pain and radiculopathy and morbid obesity) but

retained the residual functional capacity ("RFC") to perform sedentary work but that the claimant was limited to only occasionally bending, twisting, and reaching away from his body in any direction. (Tr. 17). Additionally, the ALJ found that the claimant was unable to operate machinery, crawl, kneel, squat, climb, or stoop and could sit for up to 30 minutes at a time before having to stand for five minutes. (Tr. 17). The ALJ concluded that while the claimant could not return to his past relevant work, he was nevertheless not disabled because there was work he could perform in the national economy, *i.e.*, data entry operator, telephone sales representative, and telephone call out operator (Tr. 20).

## Review

The claimant contends that the ALJ erred: (i) by relying on incompetent vocational expert (VE) testimony; (ii) by failing to make adequate findings related to claimant's residual functional capacity to perform work on a full-time, sustained basis; and (iii) by failing to properly analyze the claimant's credibility. The undersigned Magistrate Judge finds that the ALJ did fail to properly analyze the claimant's RFC due to an insufficient analysis of the medical evidence of record.

In November 2007, claimant injured his back while working on remodeling a cabin for Lake Murray Lodge. (Tr. 33). The claimant's injury resulted in a worker's compensation claim, which was closed at the time of the administrative hearing (Tr. 33). Due to the injuries sustained by claimant on the job site, he began physical therapy with Amy Thompson. (Tr. 223). From January 2008 through June 2008, the claimant

received regular physical therapy treatment from Ms. Thompson. On August 20, 2008, Dr. Hugh McClure, an independent medical examiner, opined that the claimant was "a morbidly obese white male walking with an obvious antalgic gait, secondary to low back pain, with pain radiating into the right and left legs." (Tr. 328). Dr. McClure further opined that claimant's "ability . . . to earn wages at the same level as before [his] injury has been permanently impaired" and that the claimant was "not able to [do] any type of work duties at this time." (Tr. 329). Dr. McClure characterized claimant's back injury as chronic and thought that claimant would need continuing medical treatment, including prescription medication for pain (Tr. 330). Finally, Dr. McClure found that claimant was temporarily totally disabled between November 8, 2007 and August 20, 2008 and that claimant had a 32% permanent partial impairment to the body (Tr. 330).

On March 8, 2008, in a Workers Compensation Progress Report, Dr. Arthur Conley, M.D. opined that claimant was given a "light duty release" and said to be capable of performing self-paced sedentary work eight hours per day, five days per week (Tr. 204). However, on July 23, 2008, Dr. Alexander L'Heureux, Jr. found that claimant was permanently restricted in the following ways: 1) occasionally lifting 10 pounds; 2) restricted pushing/pulling of 10 pounds; 3) restricted reaching above chest, overhead, and away from the body; and 4) bending and twisting. The claimant was also prohibited from operating machinery, crawling, kneeling, squatting, climbing, bending, stooping, and twisting (Tr. 319). Further, Dr. L'Heureux found that claimant would be required to change positions every hour. (Tr. 319).

On January 13, 2009, state reviewing physician Dr. Luther Woodcock, M.D. completed a Residual Functional Capacity Assessment (Tr. 396). Based on a review of claimant's medical records, Dr. Woodcock opined that the claimant was capable of occasionally lifting up to 10 pounds, frequently lifting less than 10 pounds, standing and/or walking for at least two hours in an eight hour workday, sitting about six hours in an eight hour workday, and unlimited pushing and pulling (Tr. 390). Further, the claimant was limited to only occasional balancing, stooping, kneeling, crouching, and crawling (Tr. 391).

"[T]he ALJ generally must recontact the claimant's medical sources for additional information when the record evidence is inadequate to determine whether the claimant is disabled. . . . [W]hen the ALJ considers an issue that is apparent from the record, he has a duty of inquiry and factual development with respect to that issue." *Maes v. Astrue*, 522 F.3d 1093, 1097-98 (10th Cir. 2008), *citing* 20 C.F.R. § 404.1512(e) and *Grogan v. Barnhart*, 399 F.3d 1257, 1263-64 (10th Cir. 2005). The ALJ assigned great weight to the opinion of Dr. Alexander L'Heureux, Jr. That opinion stated that claimant was *prohibited* from reaching away from his body, overhead, and above his chest. Yet, the ALJ's RFC findings state that the claimant is capable of *occasionally* reaching away from his body in any direction. Instead of explaining the discrepancy between his ultimate RFC finding and Dr. L'Heureux's opinion, the ALJ appears to have merely relied upon the claimant's somewhat vague testimony regarding his ability to reach. The claimant testified that reaching straight out at chest level did not cause him any pain, but he also

testified that he would not be able to reach on a repeated basis for eight hours. (Tr. 47-48). The ALJ acknowledged at the hearing that Dr. L'Heureux had not "quantified" his reaching restriction, which apparently raised questions in the ALJ's mind regarding the specifics of said restriction. This should have triggered the ALJ's duty to recontact Dr. L'Heureux to gain insight into his medical opinion and findings related to the claimant's work-related restrictions. 20 C.F.R. §§ 404.1512(e)(1), 416.912(e)(1) ("We will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques.").

Further, instead of adopting the opinion of a physician who had actually examined the claimant, the ALJ appears to have adopted the opinion of state reviewing physician Dr. Luther Woodcock. However, the ALJ wholly failed to explain *why* he was adopting the opinion of Dr. Woodcock over the opinion of an examining physician, Dr. L'Heureux. *Shubargo v. Barnhart*, 161 Fed. Appx. 748, 754 (10th Cir. 2005) ("[T]he agency requires ALJs to weigh all medical source opinion evidence and explain in their decision why they rely on a particular non-examining agency expert's opinion when opinions are conflicting . . . We conclude that this case must be remanded for the ALJ to consider and discuss Dr. Woodcock's medical opinion and to explain why he rejected it in favor of other non-examining consultative opinions.") [unpublished opinion], *citing* 20

C.F.R. §§ 404.1527(f); *Hamlin v. Barnhart*, 365 F.3d 1208, 1223 (10th Cir. 2004); *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996).

Because the ALJ failed to properly analyze the opinion of Dr. L'Heureux, the decision of the Commissioner should be reversed and the case remanded to the ALJ for further analysis. If such analysis results in any adjustments to the claimant's RFC, the ALJ should re-determine what work the claimant can perform, if any, and ultimately whether he is disabled.

## Conclusion

As set forth above, the undersigned Magistrate Judge PROPOSES a finding that correct legal standards were not applied by the ALJ and the decision of the Commissioner is therefore not supported by substantial evidence. The undersigned Magistrate Judge accordingly RECOMMENDS that the decision of the Commissioner be REVERSED and the case REMANDED for further proceedings consistent herewith. Any objections to this Report and Recommendation must be filed within fourteen days. *See* Fed. R. Civ. P. 72(b).

**DATED** this 8th day of March, 2012.

_____
Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma